**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GANEIL HOWARD,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **NATIONAL MEDICAL CARE, INC.** | : | |
| **NORTH AMERICA d/b/a** | : | |
| **FRESENIUS MEDICAL CARE,** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Ganeil Howard (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against National Medical Care, Inc. North America d/b/a Fresenius Medical Care (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Pregnancy Discrimination Act ("PDA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Elkins Park, PA.

3. Upon information and belief, National Medical Care, Inc. North America d/b/a Fresenius

Medical Care is treatment providers for individuals with chronic kidney disease with a location at 2850 N 21st Street, Philadelphia, PA 19132 and corporate headquarters located at 920 Winter Street, Waltham, MA 02451.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

2

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the PDA, the PHRA and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging pregnancy discrimination, sexual harassment and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-00078 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated May 6, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and the PFPO claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is female.

21. On or about May 22, 2022, Defendant hired Plaintiff as a Licensed Professional Christian Therapist ("LPCT").

22. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF INFORMED DEFENDANT OF HER PREGNANCY

23. In or around May 2023, Plaintiff notified LaMara Palmer (female), Facility Administrator, that she was pregnant.

## PALMER ISSUED PLAINTIFF A DISCIPLINE FOR AN ALLEGED NO CALL NO SHOW FOR A DAY THAT SHE WAS NOT SCHEDULED TO WORK

24. In or around June 2023, Palmer issued Plaintiff a write up for a no call no show on Plaintiff's off day.

25. Plaintiff was not scheduled to work the day Palmer accused her of not calling out.

## PLAINTIFF COMPLAINED TO HUMAN RESOURCES, BUT HER COMPLAINT WAS NOT ADDRESSED

26. Plaintiff complained to Human Resources about this via phone call.

27. Human Resources advised that it added the complaint to Plaintiff's chart.

28. Human Resources stated they would look into the issue and get back to Plaintiff.

29. However, Human Resources never followed up with Plaintiff about her complaint.

## PLAINTIFF EXPERIENCED PREGNANCY COMPLICATIONS

30. In or around October 2023, Plaintiff experienced complications with her pregnancy.

4

31. Specifically, Plaintiff went into preterm labor at Defendant on or about October 5, 2024, due to standing for too long on the job.

## PLAINTIFF REQUESTED A REASONABLE ACCOMMODATION DUE TO HER PREGNANCY

32. On or about October 10, 2023, Plaintiff requested a reasonable medical accommodation.

33. Specifically, Plaintiff submitted a doctor's note, written by Dr. Hyejincha of Pattington Health Spectrum, to Defendant's Accommodations Team.

34. The accommodation request stated that Plaintiff could not stand for long periods of time or lift more than fifteen (15) pounds.

35. The accommodation request was given to Palmer.

36. Palmer said Plaintiff would be allowed to sit more than usual.

## PALMER REFUSED TO ACCOMMODATE PLAINTIFF

37. However, Palmer still required Plaintiff to do all of the tasks that kept her on her feet for long periods of time.

## PLAINTIFF'S PHYSICIAN PLACED HER ON MATERNITY LEAVE EARLY DUE TO PALMER NOT ACCOMMODATING HER

38. Therefore, because Plaintiff was not being accommodated, Plaintiff's doctor pulled her out of work early on maternity leave in or around October 2023.

## PLAINTIFF RETURNED TO WORK IN OR AROUND APRIL 2024

39. Plaintiff returned to work in or around April 2024.

## PLAINTIFF WAS SEXUALLY HARASSED BY A COWORKER UPON HER RETURN TO WORK

40. Upon returning to work in or around April 2024, Montrena Bennet (female), Patient Care Technician, subjected Plaintiff to a hostile work environment.

41. Bennet repeatedly asked Plaintiff how much weight she gained while she was gone.

5

42. Bennet also told Plaintiff how big her buttocks was when the two worked together.

43. Bennet grabbed Plaintiff's buttocks and grabbed Plaintiff's pants on at least ten (10) occasions.

44. Bennet also pretended to drop something near Plaintiff and stuck her face near Plaintiff's buttocks.

45. This and similar conduct continued frequently through the summer of 2024.

## PLAINTIFF CALLED OUT OF WORK DUE TO COVID-19 SYMPTOMS

46. In or around early July 2024, Plaintiff called out of work to go to the Emergency Room for COVID-19 symptoms.

47. Plaintiff sent in a screenshot of the doctor's note that was uploaded to her patient portal to Palmer.

## PALMER ACCUSED PLAINTIFF OF FAKING HER DOCTOR'S NOTE

48. However, on or about July 5, 2024, when Plaintiff reported to work, Palmer accused Plaintiff of faking her doctor's note.

49. Palmer stated that Human Resources would conduct an investigation to see if the doctor's note was fake.

## HUMAN RESOURCES INFORMED PLAINTIFF THAT IT DID NOT BELIEVE HER DOCTOR'S NOTE WAS FAKE

50. However, Plaintiff called Renee Lane, Human Resources Representative.

51. Lane told Plaintiff they never thought the doctor's note was fake.

52. Lane said that Palmer was the only one who thought it was fake and wanted to investigate it herself.

53. Plaintiff then sent Lane her entire discharge paperwork from her online patient portal to verify that she was at an appointment when she called out of work.

6

## PLAINTIFF REPORTED BENNET'S SEXUAL HARASSMENT TO HUMAN RESOURCES

54. Also on or about July 5, 2024, Plaintiff formally complained to Lane about Bennet's sexual harassment via phone call.

55. Plaintiff stated that she did not feel comfortable going to Palmer with her complaint because he always disregarded her complaints.

56. Lane said Human Resources would investigate the issue and get back to Plaintiff.

57. Plaintiff also informed Lane that she would be seeking therapy for Post Partum Depression at this time.

## PLAINTIFF'S COWORKER NOTIFIED PLAINTIFF THAT HUMAN RESOURCES WAS CONDUCTING AN INVESTIGATION INTO HER COMPLAINT AND THAT SHE HAD WITNESSED BENNET SEXUALLY HARASS PLAINTIFF

58. Plaintiff heard from Tashai Hopkins, LPCT, that Human Resources was conducting an investigation into Plaintiff's complaint.

59. Hopkins also stated that she told Human Resources she saw Bennet sexually touch Plaintiff.

## DEFENDANT CONSTRUCTIVELY DISCHARGED PLAINTIFF

60. On or about August 1, 2024, Palmer tried to force Plaintiff to work directly with Bennet.

61. Plaintiff stated to Palmer that she refused to work with Bennet directly due to the ongoing sexual harassment.

62. However, Palmer refused to change the scheduling assignments.

63. Plaintiff did not report to work as a result.

64. Later that day, Plaintiff submitted notice of resignation to Palmer due to Defendant's refusal to mitigate the ongoing hostile work environment and sexual harassment.

65. As a result, Plaintiff was constructively discharged from Defendant.

66. Defendant discriminated and retaliated against Plaintiff due to her pregnancy, complaints of pregnancy discrimination and maternity leave of absence in violation of the PDA, the PHRA and the PFPO.

67. Defendant subjected Plaintiff to a hostile work environment and sexual harassment in violation of Title VII, the PHRA and the PFPO, and failed to address it culminating in the forced termination of Plaintiff's employment.

68. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – PREGNANCY DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED/PREGNANCY DISCRIMINATION ACT**

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. Plaintiff is a member of a protected class in that she was pregnant.

71. Plaintiff was qualified to perform the job for which she was hired.

72. Defendant did not provide Plaintiff with a reasonable accommodation.

73. Defendant constructively discharged Plaintiff.

74. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

75. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

76. Defendant discriminated against Plaintiff on the basis of her pregnancy.

77. Defendant treated non-pregnant employees better than it treated Plaintiff.

78. Defendant has no legitimate non-discriminatory reason for its actions.

79. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered

damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – PREGNANCY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

80. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

81. Plaintiff is a member of a protected class in that she is pregnant.

82. Plaintiff was qualified to perform the job for which she was hired.

83. Defendant did not provide Plaintiff with a reasonable accommodation.

84. Defendant constructively discharged Plaintiff.

85. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

86. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

87. Defendant discriminated against Plaintiff on the basis of her pregnancy.

88. Defendant treated non-pregnant employees better than it treated Plaintiff.

89. Defendant has no legitimate non-discriminatory reason for its actions.

90. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III – PREGNANCY DISCRIMINATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

91. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9

92. Plaintiff is a member of a protected class in that she is pregnant.

93. Plaintiff was qualified to perform the job for which she was hired.

94. Defendant did not provide Plaintiff with a reasonable accommodation.

95. Defendant constructively discharged Plaintiff.

96. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

97. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

98. Defendant discriminated against Plaintiff on the basis of her pregnancy.

99. Defendant treated non-pregnant employees better than it treated Plaintiff.

100. Defendant has no legitimate non-discriminatory reason for its actions.

101. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

102. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

103. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe or pervasive.

    c. Such discrimination detrimentally affected Plaintiff.

     d.  Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

104. The unlawful employment practices outlined above were intentional.

105. Plaintiff suffered tangible employment actions as alleged herein.

106. Defendant knew or reasonably should have known of the sexual harassment.

107. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

108. Defendant's acts and/or omissions were willful or performed with reckless disregard to her federal statutory rights.

109. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT V – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT PENNSYLVANIA HUMAN RELATIONS ACT

110. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

111. The foregoing conduct created a sexually hostile work environment for Plaintiff.

112. Plaintiff suffered intentional discrimination because of her sex.

113. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

114. The discrimination detrimentally affected Plaintiff.

115. Plaintiff suffered tangible employment actions as alleged herein.

116. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

11

117. Defendant knew or reasonably should have known of the sexual harassment.

118. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

119. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PHILADELPHIA FAIR PRACTICES ORDINANCE

120. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

121. The foregoing conduct created a sexually hostile work environment for Plaintiff.

122. Plaintiff suffered intentional discrimination because of her sex.

123. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

124. The discrimination detrimentally affected Plaintiff.

125. Plaintiff suffered tangible employment actions as alleged herein.

126. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

127. Defendant knew or reasonably should have known of the sexual harassment.

128. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

129. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra.*

## COUNT VII – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED/PREGNANCY DISCRIMINATION ACT

130. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

131. Plaintiff engaged in activity protected by Title VII/PDA when she requested reasonable accommodations due to her pregnancy.

132. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

133. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

134. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

135. Plaintiff engaged in activity protected by Title VII when she reported sexual harassment.

136. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

137. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IX – RETALIATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

138. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

139. Plaintiff engaged in activity protected by the PHRA when she requested reasonable accommodations due to her pregnancy and reported sexual harassment.

140. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

141. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT X – RETALIATION
## <u>PHILADELPHIA FAIR PRACTICES ORDINANCE</u>

142. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

143. Plaintiff engaged in activity protected by the PFPO when she requested reasonable accommodations due to her pregnancy and reported sexual harassment.

144. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

145. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

14

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ganeil Howard, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the PDA, Title VII, the PHRA and the PFPO.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

15

## <u>CERTIFICATION</u>

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.


RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC


Date: August 4, 2026    By:

David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

16